IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

ASSAD MAUR,                        )
a/k/a Khaliq Ra-El,                )
                                   )
    Plaintiff,                     )
                                   )
VS.                                )    No. 14-2345-JDT-tmp
                                   )
SHELBY COUNTY DISTRICT             )
ATTORNEY'S OFFICE, et al.,         )
                                   )
    Defendants.                    )

ORDER GRANTING MOTIONS TO AMEND THE COMPLAINT
(ECF No. 5, 8)
ORDER DENYING MOTION FOR ACCESS TO COURT
(ECF No. 6)
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Plaintiff Assad Maur, an inmate at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) In an order issued on May 9, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). On May 19 and October 6, 2014, Plaintiff filed amended complaints. The

motions to amend (ECF No. 5, 8) are GRANTED.[1] The Clerk shall record the defendants as Shelby County, District Attorney Amy Weirich, Criminal Court Clerk Kevin Key, and Public Defender Stephen C. Bush.[2]

Plaintiff has filed a motion for "access to the courts," i.e., additional time in the law library to research his claim. (ECF No. 6.) The motion is DENIED as moot.

The complaint and amended complaints allege that Plaintiff was indicted by a grand jury in Shelby County on August 9, 2011. He was arraigned on August 22, 2011, and the public defender was appointed to represent him. The public defender waived the reading of the indictment without Plaintiff's consent. Plaintiff was allegedly not provided with the discovery that he had requested. Plaintiff was allegedly not informed of the charges against him and was not provided a copy of the indictment until after his conviction. The public defendant and the District Attorney conspired together to withhold this information from him. Plaintiff was ultimately convicted of the charges against him and sentenced to a term of imprisonment.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] The motions are granted to the extent that Plaintiff asserts new allegations against Defendants. It is denied as to Plaintiff's request that the court change his name to "Wale Maur."

[2] Plaintiff has named the Shelby County District Attorney's Office, the Shelby County Criminal Court Clerk's Office, and the Shelby County Public Defenders's Office as defendants. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against Shelby County. See generally Hafer v. Melo, 502 U. S. 21 (1991).

>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325 [(1989)]. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted. *See id.* at 328-29." Hill, 630 F.3d at 470.

>    Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for

relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28.

Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See*, *e.g.*, id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ.

4

P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

To state a claim under 42 U.S.C. § 1983,[3] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

The complaint does not assert a valid claim against Shelby County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). The second issue is dispositive of Plaintiff's claim against Shelby County.

A local government "cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 691 (1978); see also Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345

---

[3]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92; Deaton v. Montgomery Cnty, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). When "a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." Alkire, 330 F.3d at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk Cnty. v. Dodson, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, see, e.g., Fowler v. Campbell,

6

2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); Yeackering v. Ankrom, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); Oliver v. City of Memphis, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. Raub v. Corr. Med. Servs., Inc., 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice).The complaint does not allege that Plaintiff suffered any injury because of an unconstitutional policy or custom of Shelby County. Therefore, the claims against Shelby County are dismissed.

Courts have uniformly held that attorneys are not state actors who can be sued under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under 1983."); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir. 1968) ( private attorney who is appointed by the court does not act under color of state law); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam) (attorney appointed by federal court is not a federal officer who can be sued under Bivens). Thus, Plaintiff fails to state a claim against his public defender, Stephen C. Bush.

District Attorney Weirich is absolutely immune from any monetary liability. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of her role as an advocate for the State are entitled to the protections of absolute immunity. Imbler v. Pachtman, 424 U.S. 409 (1976); Burns v. Reed,

7

500 U.S. 478 (1991); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir.1989).

The claims against Circuit Court Clerk Kevin Key are dismissed on the ground of quasi-judicial immunity. See Lyle v. Jackson, 49 F. App'x 492, 494 (6th Cir. 2002) (two court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to quasi-judicial immunity); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit).

Furthermore, any claims arising from Plaintiff's prosecution are barred by Heck v. Humphrey, in which the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994)(footnotes omitted). *See also* Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995) (same) (footnotes omitted). Plaintiff has no cause of action under § 1983

if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086. *Cf.* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint).

Here, Heck applies to bar Plaintiff's claims arising from his criminal prosecution and conviction. Plaintiff has not had his conviction overturned on direct appeal. Plaintiff must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue. As for overturning Plaintiff's sentence, a claim which directly or indirectly challenges the duration of imprisonment is also barred by Heck and, thus, cannot be brought under 42 U.S.C. § 1983. See Milstead v. Bedford County Sheriff's Dept., 2014 WL 420395 (E.D. Tenn.). [4]

The Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for

---

[4] Plaintiff has filed two petitions in this court under 28 U.S.C. § 2254 concerning these same claims. Both petitions have been dismissed. See Khaliq Ra-El v. James Coleman, 2:14-cv-02117-STA-tmp (W.D. Tenn. 3/28/2014), and Khaliq Ra-El v. Shelby County Department of Corrections, 13-cv-02968-STA-dkv (W.D. Tenn. 1/15/2014).

the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $505 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect on entry of judgment. *See* Coleman v. Tollefson, 733 F.3d 175, 177-78 (6th Cir. 2013).

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE